Hendersost, Chief Justice,
dissentiente. — I do not Concur in file opinion, that the scire Jadas should be quashed» And the process of reasoning, by which I ar rive at the opposite conclusion, is very simple, and to me very conclusive. But I say this with great deference. By the act of 1784 (Rev. c, 226) after reciting *511 ¿hat doubts were entertained, whether the real afeite of deceased*debtors, in the hands of their heirs or dken'cecs, . ' shoale r i¡ «abject to tue pay ment of debts upon jn.i&wonts, inserts;',.'sAwicLitirators, in order i'« i ■ N, ■ ■ ,;í-íiC<ill (in ü:.j s. ¡-\ ■ fiios!) that in ■ilii'^>'ístíi¡ Law, wherein the riceisi/Hi- ■ -'i-J'iAjíiatrators of any deceased person shall plead fidl.j whur uttered— no assets, or not sufficient assets to satisfy Uw Vlaiutiff’s demand, and such plea shall be found in iVc/w of the Defendant, the Plaintiff may proceed to ascertain the demand, and sign judgment. 'But before taking out execution against the real estate of the deceased debtor, a writ or writs of scire facias shall issue, summoning the respective heirs and devisees of such deceased debtor, to allow cause why execution should not issue against the reai estate of such deceased debtor, for the amount of such judgment. And if judgment ¡dial! pass against the heirs or devisees, execution shall and may issue against the real estate of such debtor, in the hands of such heirs and devisees. The third and fourth sections are on subjects foreign to this point. The fifth section gives the heir or devisee the right of contesting the plea of fully administered, though found for the executor or administrator, on the trial between The creditor and executor or administrator; and points out the manner of making up the issue, and the course to bo pursued if found for the heir or devisee. Another act, that of 1807 (liev. c. 716) points out what is to he done, when there are really no assets, and an insolvent executor or administrator omits or refuses to plead fully administered.
It is to be observed, that in this act, the personal representative is to contest the creditor’s right of recovery. When that right had been settled in contest between him and the creditor, and in favor of the creditor, that question is put to rest as to all persons, whether heirs or d *512 vistees, who have t! dead man’s land (saving, Í pro snnS\p, recoveries efibeted by a fraudulent combination between the creditor and executor or administrator). rj7jie on\!y qU«stion to be tried and investigated, whets the heir o'iy devisee is called on, is that .of the administration of the personal assets. For although the heir or devisee is bound, as to the question, debt or no debt, and all other questions arising in <lie cause, file Legislature did not conclude them as to that point, but permitted them to contest it with the executor or administrator, as a cause, not why.judgment should not lie lendered against them for the debt, but why execution should not issue, not against thew,, but against the lands and tenements of the deceased debtor in their hands. The debt, except in cases of fraud, is conclusively fixed on the estate, by the trial between the creditor and executor or administrator. Tiie heirs’ or devisees’ only defence is, not against a judgment against them, for none is prayed 5 nor against an execution against them, for none is prayed : Í say, their only defence against an execution to sell the land in their bands is, that there is, or was a sufficiency of personal estate to satisfy the debt. It is admitted, that this act did not give a sci. fa. upon a decree in the Court cf Equity ; its words are confined to judgments at Law. At that time, Courts of Equity enforced their decrees by other process, and could not issue either a fieri facias, or capias ad satisfaciendum. But the Courts of Equity were authorized and directed to issue these writs by a subsequent act. By the act of 1787 (Rev. e. 278, s. 2) it was declared, that the mode of proceeding then used to carry into effect the decrees of a Court of Equity, by attachments, habeas corpus attachment with proclamations, and commissions of rebellion, are in many cases dilatory, oppressive and inadequate, and it was enacted, that in all cases, where decrees might have been made in any spit in Equity, in any of the Courts of this State, or »h«»!Íd hereafter be made, for any sum or sums of money» *513 it Rirnuld bo lawful for exer....!i3 !:":i 1 tigainyt ‘ho t)o-fondant's body» op 8;f«iw( I»*'* snd, cíw{(p1s» lands and firs meats, to satisfy w A deem* aiN costs (and the goods . f.cl chattels, lands a|d tenctnh;*-', shall be. bound f)v üsr.b decree and cxcci^on, in the.-..n-ne wanner as good, ami chattels, lands and tencinenif'. are"bound by judgments and executions at Law) in the same manner as executions shall issue in the Courts of Livw. This act gives the same execution on decrees to pay money, as are gben at Law. If.so, execution shall against the lauds and tenements of the deceased debtor; for it did so, at Law, But a scire fadas shall first issue to the lairs or devisees, to show cause why such execution shall ¡not issue. Without this exposition of this act,'the santi remedy is not given to enforce decree:, in Equity, as is givers to enforce- judgments at Low. The lands of the debtor v, ere liable, by an old statute paused in the reign of George II. Our Court Law enforced the came right If gave the fieri facias against lands ami ten«??ne(i>s. The act of 1784 declares it to be doubtful, whether execution should issue against the lands and tenement:) of deceased debtors in the hands of the heirs or devisees, and that is certain cases it shall, and directs that h scire Jadas shall firs? issue to the heirs or devisees, anil pósete out what grounds they may take, to protect the sards in their ‘hands from the execc ión, on die judgment against the executor or administrator. The art of 1787 gave such execution on decrees of the Court of Equity for money, against the goods and chattels, Linds s:;ul tenements of the debtor, as was given fey law; that is, by prior acts. The act of George II. and our act of 1777 f'Mev. c. 115) gave it against the lands of the debtor, and the act of 1784 cleared away the doubt, is. :• execution should. Issue against the lands, in the hands of th. heirs or de-visees, in certain cases, iuu prescribí*', dud ,-otuv. or scire facias shall first issue to them, toefiovr caos® «against *514 it. If the itcfr of 1/87 Crtnly extended the act of Geo. II. 81!<^ as -Equity decrees, then the same ^011^ V w^’c^ exV*tpd prior to tiie act of 1784, we w ; ■ jn now to j|rhato, whether lands ir fl:e hands of lb,. ,-jr ■ ^.vVl h«> mh'C- ..s-"3 against tht - ' ■cüío;* os" .¡¡is,/ "‘\tor í ilsiwk . n doubt existe., The exeerjiktst against the lands is given apon a dercs^,, ,:s it is at Law, explained as it is by the act of 1784.' I ‘liter not into the discussion, which is the easiest nndknost convenient mode, by bill or by scire facias. That jw.ts with the present Plaintiffs. And as to a biil being siawe congenial to Equity rules and Equity practice, that v as a question for the Legislature. But 1 confess I .;gí-¡.\-„ both with the Plaintiffs and the. Legislature, tha, a sn-rejacias is the most easy and convenient. The only question which can arise in the scire faáas.¡ viz. the administration of the personal assets, does not require the modes prescribed in the Court of Chancery by English bill. As to the questions of prior and posterior liabilities, that is settled by the decree. When they arise, it will be more proper to examine into it. But the creditor, having obtained his decree against the executor of his debtor, asks for an execution against his debtor’s land, and calls on tiie heirs and devisees to show cause, if any they have, why he should not have it. As to the argument, that this Court is better qualified to examine the administration of the personal assets, than & Court of Law, if that fact is put in issue, we will examine the fact our own way. If a bill was brought to carry the decree into execution ; if that be the only way, and resorted to from necessity, and not from choice, I suppose, since the act of <787, no defence could be made, except that given by the act of 1784, to the.heirs and de-visees on the scire facias. If the bill be not the only remedy, but resorted to through choice, Equity might say you have no merits, from some cause peculiar to the Plaintiffs, and refuse to move.
*515 , practice since by scire facias. ;a this: The «■ -, ’ i V SCifCJUlMlS. •J . Nil'» ui'ipMueuí., f i-!, ~s«3 up, ;a tfl!S : I lie ;m:> of i0>«o ill -I?..;; ; of 1777.gave the jí»sr íhc irtaifo eí'i'Iif* d.F'-Mr Ln his «wn kinds. The o, ;; ti.:’ HaC ^i.vr against ihe latida of a deceased debtor in the bands of his heir or devisee, upon a judgment against his executor or administrators in cartes..: ■;t prescribed a scire facias against ihe heir i ats' ptk'kssfj-.j, Whr:i these acts were passed, no preror; sell property» ««• ¡diminu* property, issued to •x.-x* :ty ¿se-crees in the Censy ef FT-diy,, 'The pro'err, «nv,.; in p©-, sonam. The act of LT.’>7 <k'er.ivyi* ' -.th.-n* there shall be. any decree for money in u C.íah - - Equity, that ax-aiHon may issue thereon against the hefendanfs body, or against his goods and chattels, lands and tenements, to satisfy such decree, in the same manner as executions shall ar may issue in the Courts of Law.
I; follows, i!¡íit as by the statutes of Geo. IX, and of i777, execution might issue against the lands of the debtor in his own hands, to satisfy a judgment at Law? so an execution might issue against the lauds of the debtor in his own bands, to satisfy a decree in the Court of Equity. For by the act. of 1787, execution shall issue, sn the samo manner as in the Courts of Law. And as by the act of 1784, execution may issue against thedands of (he, deceased debtor in the bauds of the heir or devisee, io satisfy a judgment obtained against an executor or administrator in certain cases, so in like cases an execution may issue against the hinds of the deceased debtor, in the hands of his heir or devisee, to satisfy a decree of a Court of Equity, against the executor or administrator. For. as was said before, the act of 1787 declares, that execution may issue thereon (decrees in a Court of Equity) against the Defendant’s lands to satisfy such decree, in the same manner as such executions may issue an the Courts of Law'. The act of 1784 prescribes tfec set. *516 fa. to the heirs and dev/Sees apon a ¿udgment.at 7/ against an executor or afl'ministrator. It must befou , . •. .. " i . _ . _ ■ ' e(! i» a similar Case on a decree in Equity ; tor e;, ,- tion is to issue i.rtihe same manner as- in a Court of Law. The same argument, which would prove that a fi. fa„ could not issue against the lands of a deceased debtor, in the hands of his heir or devisee, upon a decree for money, prove, that a f. fa. could not issue against the lands of the debtor in his own hands, upon a similar decree ¿.gainst him.
I very much regret this dille:-:. ■ b of ojjimnno Eta»' <?a fertaining doubts, 1 could not do oMiei’wnee ftai ospeets mine.
Per Curiam.
— Let the scire facias be quashed.